# Emergency Assistance to the District of Columbia Department of Corrections in Case of a Work Stoppage

Under 31 U.S.C. § 685a(a), which authorizes federal agencies to provide services on a contractual basis to the District of Columbia government, the Attorney General may provide Bureau of Prisons personnel to the District of Columbia Department of Corrections in the event of a work stoppage by Department employees.

December 22, 1980

## MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL, CRIMINAL DIVISION

This responds to your request for our opinion whether the Attorney General may, if requested to do so by the Mayor of Washington, D.C., provide Bureau of Prisons (BOP) personnel to the District of Columbia Department of Corrections in the event of a work stoppage by Department employees. We have concluded that the Attorney General does have the authority to provide such assistance.

The federal government is authorized to furnish services to the District of Columbia government. 31 U.S.C. § 685a(a).[1] Requiring explicit statutory authorization for each agency's rendering of services to the District of Columbia would render this statute superfluous. Unless, therefore, there is some impediment in the BOP's regulations to providing such services which is itself based upon a statutory prohibition, the statute would permit the Mayor and BOP to negotiate a contract, subject to the approval of the Office of Management and Budget and the Mayor.

BOP, a part of the Department of Justice, is charged with guarding federal prisoners. 18 U.S.C. § 4042(2), (3); 28 C.F.R. § 0.95(b), (c). The

---

[1] The provision, which is also found at D.C. Code Ann. § 1-826 (Supp. V 1978), states:

(a) For the purpose of preventing duplication of effort or for the purpose of otherwise promoting efficiency and economy, any Federal officer or agency may furnish services to the District government and any District officer or agency may furnish services to the Federal Government. Except where the terms and conditions governing the furnishing of such services are prescribed by other provisions of law, such services shall be furnished pursuant to an agreement (1) negotiated by the Federal and District authorities concerned, and (2) approved by the Federal Office of Management and Budget and by the Mayor.

   *         *         *         *

(c) The cost of each Federal officer and agency in furnishing services to the District pursuant to any such agreement are [sic] authorized to be paid, in accordance with the terms of the agreement, out of appropriations available to the District officers and agencies to which such services are furnished.

Attorney General's authority to control and manage federal prisons, 18 U.S.C. § 4001(b)(1), has been delegated to the Director of the BOP. 28 C.F.R. § 0.95(a). We are advised that there have been only two incidents in the recent past in which BOP personnel have been assigned to work away from their normal post. One occurred during an antiwar demonstration when personnel from Lewisburg Prison and the central Washington, D.C. office were used to man a federal detention center set up in the District of Columbia. In the other, personnel from the central office were sent to Danbury Prison because of a threatened work stoppage.

The Master Agreement between the BOP and its guards' union reserves to BOP the right "(1) to direct employees of the Federal Prison System; (2) to . . . transfer [and] assign . . . employees . . . and (6) to take whatever actions may be necessary to carry out the mission of the Federal Prison System in situations of emergency." Article 5, 9a. *See also* Article 18, § m. The authority, therefore, to transfer guards to temporary duties in time of emergency does exist.

LARRY L. SIMMS
*Deputy Assistant Attorney General*
*Office of Legal Counsel*
